THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* YUI KUI CHU, Indicted as HARRY JEF, Appellant.

Appeal by the defendant from a judgment of the Court of General Sessions of the County of New York, rendered against him on May 21, 1935, convicting him of the crime of publishing a libel (Penal Law, § 1340 *et seq.*), suspending sentence and placing him on probation for three years.

Judgment affirmed. No opinion. Present — Martin, P. J., Townley, Glennon, Untermyer and Dore, JJ.; Untermyer, J., dissents and votes to reverse and grant a new trial.

UNTERMYER, J. (dissenting). One of the essential issues submitted to the jury was the correct translation from Chinese to English of the publication alleged to be libelous. On that issue it was established by the defendant, and appears to have been conceded by the People's experts Wang and Yung, that the same Chinese characters may have different meanings under different conditions. Consequently, the particular language in the publication might readily be susceptible of the interpretation attributed to it by the defendant, which the jury could have found not to be libelous.

On the important issue of the translation of the publication the comments of the trial court during the course of the trial and the charge to the jury were such that they could not fail strongly to impress upon the jury that the translation offered by the People was correct and that offered by the defendant was false. It is impossible to depict the cumulative effect of the comments of the trial court, his interrogation of the People's witnesses and of the defendant covering many pages of the record, both calculated to fortify the People's case, especially when these are considered in connection with the court's charge. A few quotations from the charge which refer to the translations made by Yung, who translated the publication for the grand jury, and by Wang, who also testified for the People at the trial, as contrasted with the defendant's translation, must suffice. For the sake of clarity I have, in some instances, transposed the order in which these excerpts appear in the charge.

" Now, you heard the Government interpreter say what he was: the training and the background that he has. And here is the accusation, the essential allegation of the indictment. The grand jury adopted this and made it a part of the accusation. * * *

701

" He [the defendant] says that he does not accuse the other translators of being malicious, or of distorting it. He does not accuse them of being ignorant or uneducated. He gives them that palm. But he says, 'Anyhow, they are in error.' Well, if the general and well-known meaning, as accepted by the Chinese people, such as is our rule in English — if they have got to study that article to spell out this man's innocent meaning, when two educated and intelligent and brainy men like those two intellectuals, if they are telling the truth, would put the interpretation on it that they have put on it, how many of the teeming numbers of Chinamen in New York would read it with the same inferences and conclusions and deductions as the two men who were learned in the Chinese, did?   *   *   *

" Now, here is one angle I would like to call your attention to now. At one stage of the examination, you remember I asked the defendant, ' Do you accuse these two men, Wang and Yung ' — I did not use the names; I did not know his name at that time, but I said, ' The man who interpreted for the grand jury '— ' of wilfully misrepresenting or distorting? ' ' No.' ' Do you concede that they are educated and intelligent men, intellectually? ' ' Yes.' ' Well, what is it? You say they are in error? ' ' Yes.' Well, if men who are of superior education in their own country, and come here and get a degree from our universities, one from Harvard and the other from Iowa, get their A. B. degrees, and then take post graduate courses, read it that way, the way they did, how in the world do you think the public is going to read it? Are they going to give the constrained meaning to it that the defendant said it should be taken as? "

The defendant was not accorded a fair trial upon a very doubtful issue of fact which was probably decisive of the case, and for that reason the judgment should be reversed and a new trial ordered.